IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:07CR3023 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| CARLOS A. VEGA-TOSCANO, | ) | |
| Defendants. | ) | |

On January 14, 2010, the defendant, Carlos A. Vega Toscano, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (See filing 265.) The government responded by filing an answer and a motion for summary judgment. (See filings 270, 272.) My analysis of the parties' motions is set forth below.

**I.  BACKGROUND**

A six-count indictment filed on January 18, 2007, charged the defendant and three others with violations of 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846, and 853. (See filing 3.) The defendant is named specifically in Count I, which charged him with conspiring to distribute "five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine"; Count V, which charged him with possessing with intent to distribute "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine" and "50 grams or more of methamphetamine" in furtherance of the conspiracy described in Count I; and Count VI, which charged him with forfeiture. (See id.) Don Fiedler entered an appearance as counsel for the defendant on January 25, 2007, (see filing 12), and on January 31, 2007, the defendant entered a plea of not guilty on all counts, (see filing 22). In September 2007, Mr. Fiedler withdrew from his representation of the defendant, (see filings 90, 92), and on September 27, 2007, Michael J. Tasset entered an appearance as new defense counsel, (see filing 94).

On November 8, 2007, the defendant withdrew his plea of not guilty to Counts V and VI and

1

entered a plea of guilty on those counts. (See filing 101.) During the plea hearing, the prosecutor re-arraigned the defendant on Counts V and VI. (See Tr., filing 194, at 4-5.) With respect to Count V, the prosecutor stated that the defendant was charged with "knowingly, intentionally and unlawfully possess[ing], with intent to distribute, 50 grams or more of methamphetamine," and that "[i]n the event of [his] conviction, the penalties . . . are not less than ten years nor more than life imprisonment, a fine of up to $4 million, a term of supervised release following incarceration of at least five years, and a $100 special assessment." (Id. at 5.) Before pleading guilty, the defendant stated that he understood the charges and the possible penalties. (Id. at 5-6, 10.) After his plea was accepted, however, the defendant moved to dismiss Mr. Tasset as counsel, to have new counsel appointed to represent him, and to withdraw his plea of guilty. (See filings 100, 186-189.) These motions were denied. (See filing 191.)

A Presentence Investigation Report (PSR) was prepared and submitted to counsel in December 2007. The original version of PSR[1] states in paragraph 62, "Based on a Total Offense Level of 36 and a Criminal History Category I, the guideline imprisonment range is 188 to 235 months (Zone D)." (PSR ¶ 62.) More specifically, it states (1) that defendant's base offense level is 34 because the defendant "is responsible for 468.21 grams of methamphetamine (actual) and 173.15 grams of a mixture of methamphetamine," which, according to the Drug Equivalency Table, equates to 9,710.5 kilograms of marijuana; (2) that the base offense level must be adjusted upward by two levels for obstruction of justice because, "[w]hile giving testimony at trial, the defendant 'lied' about his involvement and the involvement of his codefendant, Ignacio Montes-Medina, in relation to this offense"; and (3) that there would be no downward adjustment for acceptance of responsibility due to the defendant's "being untruthful during his testimony at the trial of Ignacio Montes[-]Medina." (Id. ¶¶ 24-25, 29-30, 32, 36-37, 39-40.) The defendant's attorney objected to paragraphs 14, 20, 23, 24, 25, 26, 29, 30, 32, 36, 37, 39, 40, and 62 of the PSR, arguing, in essence, that the defendant's "base offense level should be 32 and downwardly adjusted by two levels for the safety valve, three levels for acceptance of responsibility without an obstruction enhancement, all resulting in a total offense level of 27." (Filing 171 at 4.) The United States, for its part, noted that

---

[1] A revised version of the PSR is listed as filing number 212 on the docket sheet. A copy of the original version of the PSR is maintained in my files.

"Paragraph 14 of the PSR contains a typographical error": the fourth sentence of the paragraph names "Ignacio Montes-Media," when in fact it ought to name "Carlos Vega-Toscano." (Filing 199 at 5.)

I addressed the defendant's objections to the PSR during a hearing held on August 7, 2008. (See filings 209, 235.) Although I sustained a number of the defendant's objections,[2] I found that the total offense level was 36, that the criminal history category was I, and that "[t]he guidelines call for a sentence anywhere from 188 to 235 months," along with five years of supervised release and a special assessment of $100. (Tr., filing 235, at 22.) I sentenced the defendant to 188 months of imprisonment on Count V, to be followed by a period of supervised release of five years, and I ordered him to pay the $100 special assessment. (See filing 209.) Ultimately, all of the remaining counts were dismissed insofar as they concerned the defendant. (See filings 209, 217, 221.) The defendant appealed his sentence, (see filing 226), but the Eighth Circuit affirmed the judgment in an opinion filed on July 7, 2009, (see filings 256-257, 264.) See also United States v. Montes-Medina, 570 F.3d 1052 (8th Cir. 2009).

## II. STANDARD OF REVIEW

Section 2255(a) states, "A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." "A § 2255 movant is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." Sinisterra v. United States, 600 F.3d 900, 906 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Id. (quoting Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)). See also Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) ("Accordingly, a petition can be dismissed without

---

[2] The defendant was ultimately held responsible for only 155.18 grams of actual methamphetamine. (See, e.g., PSR, filing 212, ¶ 24.)

a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

### III. ANALYSIS

#### A. The Government's Motion for Summary Judgment

The United States argues that "[t]his Court may consider a motion for summary judgment in this case because both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure may be applied in [§ 2255] cases." (Filing 271 at 1 (citing Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12).) In response, the defendant submits that the government's motion must be denied because the summary judgment procedure is inconsistent with the Rules Governing Section 2255 Proceedings. (Filing 273 at 2-4.)

The United States' motion for summary judgment is based on Federal Rule of Civil Procedure 56. (See Pl.'s Br., filing 271, at 1-2.) The government argues, "The Supreme Court has interpreted Rule 56(c) to mandate entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (Id. at 2 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).) It adds, "Consequently, the Court held that the burden on a party moving for summary judgment is only to 'point[] out to the district court' that there are no genuine issues of material fact," and, "Once the moving party has met this burden, . . . . '[t]he non-moving party must come forward with specific facts showing that there is a genuine issue for trial.'" (Id. (citations and internal quotation marks omitted).)

As noted above, the defendant is entitled to a hearing on his § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also Sinisterra, 600 F.3d at 906. Federal Rule of Civil Procedure 56 cannot be applied in this case to the extent that it allows for the elimination of the § 2255 hearing based upon some other showing. See Rules Governing Section 2255 Proceedings, Rule 12 ("The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."). See also Fed. R. Civ.

4

P. 81(a)(4). After considering the United States' arguments quoted in the preceding paragraph, I conclude that the government's Rule 56 motion conflicts with the terms of 28 U.S.C. § 2255(b), as interpreted by the Eighth Circuit. I find, therefore, that Rule 56 does not apply in this proceeding, and the government's motion for summary judgment must be denied for that reason.[3]

### B. The Defendant's § 2255 Motion

Although the government is not entitled to summary judgment, it remains to be determined whether a hearing is unnecessary because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In his motion, the defendant argues that his sentence was imposed in violation of the Constitution of the United States because he received ineffective assistance of counsel at trial and on appeal. (See generally filings 265-267.) More specifically, he asserts that his counsel provided constitutionally ineffective assistance by (1) "allowing [the defendant] to be sentenced under actual methamphetamine drug quantity calculations," (2) failing to argue against the government's "last minute" alteration to the PSR, (3) allowing "the Court to deprive [the defendant] of the benefit of three points for acceptance of responsibility" and "failing to properly address the obstruction of justice enhancement," and (4) failing to raise the foregoing issues on appeal. (See filing 265 at 5-6;[4] filing 266 at 7; filing 267 at 1-3.) I shall analyze each of these claims in turn.

Preliminarily, I note that "[t]o establish his claim[s] of ineffective assistance of counsel, [the defendant] must prove that his attorney's performance was deficient and that the deficient performance prejudiced his defense." Sinisterra, 600 F.3d at 906 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish that counsel's performance was deficient, the defendant

---

[3] I note parenthetically that this court has local rules governing civil motion practice generally, and motions for summary judgment in particular. Among other things, these rules require parties moving for summary judgment to include in their briefs "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a). The rule adds, "Failure to submit a statement of facts may be grounds to deny the motion." NECivR 56.1(a)(1) (emphasis omitted). The government's brief does not include a statement of facts.

[4] The page numbers that appear at the bottom of each page of filing number 265 are not accurate; nevertheless, I shall cite to those page numbers when referring to that filing.

must show that, when all of the circumstances are considered, and when counsel's performance is viewed objectively "in light of professional norms prevailing when the representation took place," his performance fell "below the range of competence demanded of attorneys in criminal cases." Id. (citations and internal quotation marks omitted). To establish prejudice, the defendant must show "that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently." King v. United States, 595 F.3d 844, 852 (8th Cir. 2010).

**1. "Actual Methamphetamine"**

The term "actual methamphetamine" refers to "the weight of the controlled substance, itself, contained in the mixture or substance." U.S.S.G. § 2D1.1, n.(B) to Drug Quantity Table. "For example, a mixture weighing 10 grams containing [methamphetamine] at 50% purity contains 5 grams of [methamphetamine] (actual). Id. The defendant argues, "Counsel was ineffective for allowing petitioner to be sentenced under actual methamphetamine drug quantity calculations, when neither the indictment, nor the charge of conviction makes any reference to methamphetamine actual." (Filing 265 at 5.) He claims that his attorney "improperly induced him into entering a plea agreement that did not clearly define the type of methamphetamine that he was admitting," and that the prosecutor "should have been required to write methamphetamine 'actual' in the indictment . . . and plea . . . if he wanted to seek a sentencing level under actual meth." (Filing 266 at 7. See also filing 273 at 4-9.)

It is true that Count V of indictment did not charge the defendant with possessing "actual" methamphetamine. (See filing 3.) It is also true that the plea agreement did not identify the substance at issue as actual methamphetamine. (See filing 102.) Counsel's failure to object to these facts did not amount to ineffective assistance, however, because neither the indictment nor the plea agreement were required to specify actual methamphetamine.

"Drug type and quantity determine the statutory sentencing range in cases charged under [21 U.S.C. § 841], with the statutory maximum being based on the amount a jury finds beyond a reasonable doubt," United States v. Webb, 545 F.3d 673, 677 (8th Cir. 2008), or, as in this case, the amount charged in the count to which the defendant pleaded guilty, see, e.g., United States v. Davis, 22 F. App'x 654, 655 (8th Cir. 2001). The sentencing judge may then "make more exact calculations for purposes of computing the offense level under the guidelines and determining where

6

the sentence will actually fall within the statutory range determined by the [guilty plea]." United States v. Hollingsworth, 257 F.3d 871, 878 (8th Cir. 2001), overruled on other grounds by United States v. Diaz, 296 F.3d 680, 684 (8th Cir. 2002). Provided that the statutory maximum sentence is not exceeded, a court may impose a sentence based on facts it finds based upon a "preponderance of the evidence" standard. See, e.g., Webb, 545 F.3d at 677; United States v. Thorpe, 447 F.3d 565, 569 (8th Cir. 2006) ("Judicial fact-finding based upon a preponderance of the evidence standard is permitted in sentencing provided that the guidelines are applied in an advisory manner."). This procedure was followed in the instant case: The defendant pleaded guilty to a charge that he "knowingly, intentionally and unlawfully possessed, with intent to distribute, 50 grams or more of methamphetamine," which carried a statutory maximum of life imprisonment and a minimum of ten years imprisonment. (See Tr., filing 194, at 5.) See also 21 U.S.C. § 841(b)(1)(A)(viii). I then made more specific findings as to the quantity and purity of the drugs attributable to the defendant in order to determine where the sentence should fall within that statutory range. Under the circumstances, the indictment and plea agreement were not required to include references to actual methamphetamine, and it cannot be said that defense counsel's failure to object to the absence of these references amounted to ineffective assistance of counsel.

The record establishes that the defendant understood the nature of the charges against him and the range of sentences he might receive based on his guilty plea, (see filing 101 at 5; filing 194 at 5-6; filing 267 at 1-2), and there is no indication that the defendant was "induced" to enter a guilty plea based on misrepresentations about the quantity or purity of the drugs that could be attributed to him. Indeed, the defendant states in his affidavit that he "was never advised of the guideline level . . . [or of] any specific drug quantity" during the plea hearing. (Filing 267 at 2.)[5] I note further that at sentencing, defense counsel objected to the quantity of drugs that was attributed to the defendant and to the calculation of the purity of those drugs. (See Tr., filing 235, at 9-13.) Although these

---

[5] To the extent that the defendant claims that his sentence is unconstitutional because he "was never advised of the guideline level . . . [or] . . . drug quantity" during the plea hearing, (filing 267 at 2), his argument is without merit. It is well-established that "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences." United States v. Granagos, 168 F.3d 343, 345 (8th Cir. 1999) (per curium).

7

objections were unsuccessful (insofar as the total offense level remained 36), it does not follow that counsel's performance was deficient.

The record establishes conclusively that the defendant is not entitled to relief on his claim that Mr. Tasset provided constitutionally ineffective assistance by allowing the defendant to be sentenced based on "actual methamphetamine drug quantity calculations." (Filing 265 at 5.) This claim will therefore be dismissed.

**2.    The Correction of the PSR**

The defendant argues that his attorney was ineffective because he failed to "properly oppose" the prosecution's "last minute" change to paragraph 14 of the PSR. (<u>See</u> filing 266 at 7.) The defendant's argument is without merit.

On July 21, 2008, the United States filed a "Brief in Response to Defendant's Objections to the Presentence Investigation Report," (filing 199), wherein it identified a typographical error in paragraph 14 of the PSR. The government's brief states,

> The statement in Paragraph 14 of the PSR contains a typographical error. The statement now reads, "On October 18, 2006, Ignacio Montes-Medina delivered 55.44 grams of a mixture containing 40% actual methamphetamine to Ramon Schachta. Schachta delivered those drugs to Sergio Zamarripa in Grand Island, Nebraska." The name [Ignacio Montes-Medina] is incorrect. It was Carlos Vega-Toscano who delivered the drugs.

(Filing 199 at 5 (emphasis omitted).) This error was addressed during the sentencing hearing, and defense counsel did indeed object to the correction of the error. The following exchange occurred during the hearing:

> THE COURT:    All right. Mr. Tasset, what about the October 18 delivery? Do you have a question about that?
>
> MR. TASSET:   Yes, I do. I guess, Your Honor, I just direct the Court's attention to the pleadings the government filed in the aftermath of the filing of the presentence report, which indicated that the government had no objection to any of the matters contained within the report.
> I, of course, read the report and I based my objections upon the information contained within the report.
>
>            . . . .

| | |
|---|---|
| Mr. TASSET: | [The] [r]eport does not attribute any responsibility to . . . Mr. Vega-Toscano for those October 18 deliveries. The only reference to Mr. Vega-Toscano in connection with the October 18 deliveries is the allegation that he collected the money. That's what I objected to.<br>So to the extent now the government is . . . suggesting to the Court that a typographical error has occurred in the presentence report, my position is that the government should have brought that to the Court's attention during the time the Court afforded the government to file objections to the report.<br>. . . .<br>But regardless, Your Honor, they didn't object to it and they should have and I think it's too late now to come back and complaint about it today. |
| THE COURT: | Mr. Gillan. |
| MR. GILLAN: | Well, Your Honor, we filed a brief on July 21st setting this out. If the defendant had objections to our late correction of the record, I - - they had time to do something about it. And if they - - this is a prejudice to them, let's continue this and allow them to present whatever evidence they want.<br>There was a typographical error that wasn't noticed until we went - - we began going through the transcript in detail and let's . . . get the truth out here. If the defense needs more time, it's not a problem. It's been a long time. |
| MR. TASSET: | I have a suggestion, Your Honor. |
| THE COURT: | It is a typographical error. I agree that that's true. My studying of the . . . transcript of the entire trial, which I have done, and then I asked counsel to specify by page and line the particular pages and lines that they wanted me to give attention to with respect to the sentencing, and they have done that and done a good job of it. And I conclude that no harm has been done by the fact that there's a typographical error that wasn't drawn to anyone's attention. I saw the typographical error and I'm not persuaded that we ought to hold the government to the typographical error, and so it will be changed to [Carlos Vega-Toscano.] |

(Tr., filing 235, at 6-8.) Thus, the record plainly establishes that defense counsel <u>did</u> object to the correction of the typographical error, but the objection was overruled.

The defendant suggests that his attorney should have "request[ed] an adjournment of the sentencing hearing . . . in order to properly argue the last minute issue raised by the prosecutor." (Filing 266 at 7.) The record shows, however, that such a request would have been futile. As the government correctly argues, (see filing 271 at 8), and as I noted during the sentencing hearing, the evidence received during Mr. Montes-Medina's trial showed that the methamphetamine involved in the October 18 delivery was properly attributed to Mr. Vega Toscano, and it was clearly appropriate to correct the error appearing in the PSR.

In short, the record establishes conclusively that counsel's opposition to the correction of the typographical error appearing in paragraph 14 of the PSR did not amount to deficient performance. The defendant's claim will be dismissed.

**3. Acceptance of Responsibility and Obstruction of Justice**

Next, the defendant argues that defense counsel provided ineffective assistance because he did not "properly address the obstruction of justice enhancement," (filing 265 at 5), and "allowed the Court to deprive [him] of the benefit of three points for acceptance of responsibility . . . that were promised at [the] plea colloquy . . . and [in the] plea agreement" (filing 266 at 7). He adds that "[t]he fact that he was forced to testify in a codefendant's trial . . . and his codefendant was found guilty" should not "have affected the plea agreement," (id. at 7-8), and that his attorney "failed to argue . . . extraordinary circumstances, despite the fact that he failed to get [the defendant] not to testify" at his codefendant's trial. (Id. at 8.)

The defendants arguments are contradicted by the record. First, the plea agreement does not promise the defendant a three-level reduction for acceptance of responsibility. Rather, it states, "<u>If the Defendant is found to be entitled to an offense level reduction</u> under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1.(b), and if that paragraph otherwise applies." (Filing 102 at 1 (emphasis added).) As it happened, the defendant did not receive an offense level reduction under U.S.S.G. § 3E1.1 because he "obstructed justice by being untruthful during his testimony at the trial of Ignacio Montes Medina in November 2007." (PSR ¶ 30.) See also U.S.S.G § 3E1.1, n.4 ("Conduct resulting in an enhancement under 3C1.1 (obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted

10

responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."). In short, it cannot be said that counsel allowed the defendant to be deprived of a reduction for acceptance of responsibility in violation of any promises made in the plea agreement or during the plea hearing.

Second, the record shows that the defendant was not forced to testify in Montes Medina's trial. Indeed, the defendant decided to testify in the trial against his attorney's advice. The following exchange took place at the trial:

> MR. EL-KASABY: [H]as anybody suggested any way to you that testifying here today could have adverse consequences in terns of your sentencing?
>
> [MR. VEGA-TOSCANO]: The only thing that my attorney told me is that if the Court found or determined that I was lying, that I could get more time. And I told him that that was fine, that I was going to tell the truth and that his advice was for me not to testify and I said that, yes, that I was going to tell the truth in front of the people.

(Tr., filing 158, at 1251.) Also, Mr. Tasset noted during the defendant's sentencing hearing that he "advised Mr. Vega-Toscano not to testify." (Tr., filing 235 at 19.)

Finally, the defendant's argument that his attorney failed to argue that extraordinary circumstances warranted an acceptance of responsibility reduction despite the defendant's obstruction of justice is refuted by the record. Counsel did concede–correctly–that it is the defendant's burden to show that he accepted responsibility, and that reductions for acceptance of responsibility are rarely given if a defendant has obstructed justice. (See Tr., filing 235, at 19.) See also, e.g., United States v. Aleman, 548 F.3d 1158, 1163 (8th Cir. 2008). He went on to argue, however, that the defendant should receive "some credit for acceptance of responsibility," despite his obstruction of justice, because "he's young," "[h]e did plead guilty," and circumstances indicated that he was pressured by someone to testify in his codefendant's case. (Tr., filing 235, at 19-20.) I found that the defendant did not meet his burden of showing that he accepted responsibility, (see id. at 20), but it cannot be said that counsel failed to argue that the defendant ought to receive an

11

acceptance-of-responsibility reduction despite his false testimony.[6]

In summary, I find that the defendant's claim that defense counsel provided ineffective assistance by failing to argue for a reduction for acceptance of responsibility is flatly contradicted by the record, and the claim will be dismissed.

**4.  Ineffective Assistance on Appeal**

The defendant also argues that his attorney provided ineffective assistance because he failed to raise the claims discussed above on appeal. (See filing 265 at 6; filing 267 at 1-3.) "To establish ineffective assistance of appellate counsel, [a defendant] must show that counsel's performance was deficient, and prejudice from that deficiency." United States v. Brown, 528 F.3d 1030, 1032-33 (8th Cir. 2008). "The deficient performance standard is rigorous," as "the importance of winnowing out weaker arguments on appeal" is well-recognized. Id. at 1033. To satisfy the "equally rigorous" prejudice standard, a defendant "must show that 'the result of the proceeding would have been different'" had the issues been raised on appeal. Id. For the reasons discussed above, the defendant's § 2255 claims are all either inadequate on their face or are flatly refuted by the record. I reject the defendant's argument that his counsel's decision to weed out such claims amounts to deficient performance, and it is plain that the omission of the claims from the appeal did not prejudice the defendant.

**IT IS ORDERED** that:

1.  the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filing 265, is denied;

2.  the United State's motion for summary judgment, filing 270, is denied; and

---

[6] I note parenthetically that defense counsel also objected to the adjustment for obstruction of justice, arguing that the defendant is young, is of limited education, "testified about events that occurred basically one year prior to trial," faced "significant pressure," and maintains that he testified truthfully. (Tr., filing 235, at 13-15.)

3. a certificate of appealability is denied, as none of the issues in this case satisfy the showing required by 28 U.S.C. § 2235(c)(2).[7]

Dated June 14, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[7]The defendant may seek a certificate from the Eighth Circuit Court of Appeals as provided in Federal Rule of Appellate Procedure 22.